USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/8/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MARISSA HOECHSTETTER, et al.,

                                 Plaintiffs,

              -against-

COLUMBIA UNIVERSITY, et al.,

                                Defendants.
-----------------------------------------------------------------X

**19-CV-2978 (ALC) (KHP)**

**20-CV-1791 (ALC) (KHP)**

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On May 5, 2022, the United States Government moved to intervene in the above-captioned case and the related civil case, *Jane Doe 16 et al. v. Columbia University et al.*, 20-cv-1791 (ALC) (KHP).  The Government also moved to stay all fact discovery in both civil cases through August 8, 2022, with the exception of document discovery if it proceeds on an attorneys'-eyes-only basis.  (ECF No. 129.)[1]  The Government requests the stay in light of the upcoming criminal trial of Robert Hadden, *United States v. Hadden*, S1 20 Cr. 468 (RMB).  Hadden, who is a Defendant in both civil cases, objects to the Government's requests.  (ECF No. 131.)  Defendants Columbia University and New York Presbyterian Hospital ("Institutional Defendants") and Plaintiffs do not object to the requests.  (*See* ECF Nos. 129, 134.)  At a conference held on May 25, 2022, the Court heard further from all parties and from the Government regarding their positions.  (*See* ECF No. 136.)  For the reasons stated below, the Government's requests are GRANTED.

---

[1] Citations to the docket are to the docket in Hoechstetter v. Columbia University, 19-CV-2978 (ALC) (KHP).

## LEGAL STANDARDS

**1. Motion to Intervene**

To intervene in an action, an applicant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) (citation omitted).

Regarding the first factor, courts should consider whether the motion to intervene was "delayed" such that "existing parties were prejudiced," "whether the movant will be prejudiced if the motion is denied, and unusual circumstances militating either for or against a finding of timeliness." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001). Regarding the remaining factors, the applicant must show an interest that is "direct, substantial, and legally protectable." *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (quotation marks and citation omitted).

**2. Motion to Stay**

A court may stay discovery in "the interests of justice." *Sec. & Exch. Comm'n v. LaGuardia*, 435 F. Supp. 3d 616, 621 (S.D.N.Y. 2020) (quotation marks and citation omitted). In determining whether a civil action should be stayed in light of a parallel criminal proceeding, courts in this District generally consider six factors: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay;

(4) the private interests of and burden on the defendant; (5) the interests of the court(s); and (6) the public interest." *Doe v. Indyke*, 2020 WL 5518384, at *3 (S.D.N.Y. Sept. 14, 2020) (citing *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) and *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1139 (S.D.N.Y. 1995)). The party seeking the stay bears the burden of establishing that the factors weigh, on balance, in favor of a stay. *Louis Vuitton Malletier*, 676 F.3d at 97 (citation omitted).

## ANALYSIS

### 1. Motion to Intervene

The Government has satisfied the four requirements for intervention. As to timeliness, there is no indication that any party is prejudiced by the timing of the motion, and this factor is met. The remaining factors are met as well, because, as described in more detail below, the Government has demonstrated that it is interested in maintaining the integrity of its criminal action against Defendant Hadden, that this interest might be impaired if discovery moves forward in these civil cases that overlap with the criminal action, and that the other parties are not in a position to adequately protect this interest. *See, e.g. S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) ("The government had a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."); *In re Teva Sec. Litig.*, 2020 WL 12045998, at *4 (D. Conn. Oct. 20, 2020) (granting Government's motion to intervene in civil case where Government demonstrated an interest in "maintaining the integrity of" overlapping criminal proceedings).

### 2. Motion to Stay

The six factors, on balance, weigh in favor of granting the stay.

### a. Overlap Between the Civil and Criminal Cases

"The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Indyke*, 2020 WL 5518384, at *3 (citation omitted). Here, both the civil cases and the criminal case involve allegations that Hadden sexually abused patients under his care. (*See, e.g.* ECF Nos. 141 ¶ 4; 129 at 2.) All parties agree that the two matters are "intertwined." (ECF No. 131 at 2.) As there is factual overlap between the two cases, this factor weighs in favor of a stay.

### b. Status of the Criminal Case

The second factor weighs in favor of a stay if "the criminal case is not merely hypothetical or anticipated, but rather is actively proceeding." *Indyke*, 2020 WL 5518384, at *3; *see also In re Par Pharmaceutical, Inc. Sec. Litig.*, 133 F.R.D. 12, 13-14 (S.D.N.Y. 1990). Here, a grand jury returned an indictment against Defendant Hadden on September 8, 2020, and the criminal trial is set to begin on September 12, 2022. (ECF No. 129 at 2.) Because the criminal case is actively proceeding, this factor weighs in favor of a stay.

### c. The Interests of the Plaintiffs

Typically, the interests of the plaintiff weigh against a stay, because plaintiffs have a strong interest in the speedy resolution of their claims. *Indyke*, 2020 WL 5518384, at *4. Here, however, Plaintiffs do not object to the stay, and in fact Plaintiffs' counsel stated at the May 25, 2022 conference that Plaintiffs favor a stay because they anticipate that the law in New York State might change so as to allow them to bring claims that may previously have been subject to a statute of limitations. The interests of the Plaintiffs therefore weigh in favor of a stay.

### d. The Interests of the Defendants

The Institutional Defendants stated that they will be neither benefitted nor prejudiced by a stay, and their interests do not weigh in either direction. By contrast, Hadden argued that he will be prejudiced by a stay because a stay would prevent him from timely accessing relevant information and evidence that may allow him to participate in his own defense in both the civil and criminal cases. (ECF No. 131 at 2.) The Government admits that permitting discovery to proceed in the civil action would provide Hadden "with a broader array of discovery" than he would otherwise be entitled to in the criminal action alone, "such as witness deposition testimony." (ECF No. 129 at 5).

The Court is mindful that the Government is obligated to share certain evidence with Hadden in advance of his criminal trial pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Therefore, the prejudice to Hadden's ability to defend himself in his criminal trial that results from a stay of discovery in the civil cases will be limited. Moreover, the Government has only requested a stay until August 8, 2022, which is not an especially long period of time, and accordingly any prejudice to Hadden in his ability to defend himself in the civil case is also limited. Therefore, this factor weighs only lightly against a stay.

### e. The Interests of the Court

The Government argues that granting a stay of discovery here could conserve judicial resources because "allowing the criminal matter to be resolved in the first instance may result in a narrowing of the factual and legal issues before this Court" in the civil matters. (ECF No. 129 at 4.) However, the Government has only requested a stay until August 8, 2022, *prior to*

5

the resolution of the criminal matter, and therefore the stay will not likely result in the narrowing of any issues. In addition, the Government's requested stay would permit document discovery to proceed on an attorneys'-eyes-only basis in the civil matter. A stay is therefore not likely to substantially conserve judicial resources, but it is also not likely to waste resources. This factor is neutral.

### f. The Public Interest

The Government argues that a stay of discovery in the civil cases will benefit the public interest by preventing the premature disclosure of information that is key to the criminal case, which in turn "could severely impair the criminal prosecution." (ECF No. 129 at 5.) Defendant Hadden admits that allowing discovery to proceed in the civil cases "would prejudice the criminal proceedings by making [those documents] available to Defendant Hadden." (ECF No. 131 at 2.) In other words, the Government and Hadden agree that absent a stay, Hadden may be able to access through civil discovery certain information relevant to the criminal prosecution against him. While this information would benefit Hadden, weighing against a stay in terms of the Defendant's interest, Hadden's access to the information would create an equal and opposite prejudice to the Government's ability to prosecute its case, weighing in *favor* of a stay in terms of the public interest. A court should give "substantial weight" to "the public interest in law enforcement." *In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989). Accordingly, this factor weighs in favor of a stay.

**CONCLUSION**

The Government's requests to intervene in these civil matters and for a limited stay (ECF No. 129) are GRANTED.  Fact discovery in the civil actions is stayed through August 8, 2022, except document discovery may proceed on an attorneys'-eyes-only basis.

By Tuesday, August 2, 2022, the Government must file a letter indicating whether it intends to request an additional stay of discovery after August 8, 2022.  If applicable, by Friday, August 8, 2022, the parties shall file a joint letter stating each party's position on an additional stay.

**SO ORDERED.**

Dated: June 8, 2022
New York, New York

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge