USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2022

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 2, 2022

> Fact discovery in the civil actions 19-cv-2978 and 20-cv-1791 is stayed through **August 22, 2022**, except that document discovery may proceed on an attorneys-eyes-only basis.
>
> SO ORDERED:
> *Katharine H Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE   8/8/2022

**BY ECF**

The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Hoechstetter et al. v. Columbia University et al.*, 19 Civ. 02978 (ALC) (KHP)
      *Jane Doe 16 et al. v. Columbia University et al.*, 20 Civ. 01791 (ALC) (KHP)

Dear Judge Parker:

The Government respectfully submits this letter to request that the Court continue the previously-entered limited stay of fact discovery for two additional weeks—*i.e.*, until August 22, 2022—in light of the recent adjournment of the criminal trial in *United States v. Hadden*, No. S2 20 Cr. 468 (RMB), in order to allow the Government to make its determinations of whether and to what extent to request a continued stay after attending a conference in the criminal case at which a new trial date is likely to be set (which the Government expects it will be at an August 10, 2022 scheduled conference).

For the reasons that follow, and under the factors set forth in *Doe v. Indyke*, 20 Civ. 484 (JGK) (DF), 2020 WL 5518384, at *3 (S.D.N.Y. Sept. 14, 2020), the Government respectfully submits that the continued limited and very brief stay of these civil actions will serve the public interest by preserving the integrity of the criminal prosecution against Hadden and by conserving private, public, and judicial resources, and that those interests will outweigh any delay or disruption caused to the resolution of these civil actions.

## BACKGROUND

As set forth in the Government's letter of May 5, 2022 seeking a stay (the "Stay Letter") (*see* No. 19 Civ. 02978 (ALC) (KHP) (Dkt. 129), No. 20 Civ. 01791 (ALC) (KHP) (Dkt. 74)), Hadden is charged with several counts of enticement in violation of 18 U.S.C. §§ 2422 and 2, in connection with Hadden's enticement and inducement of several victims, to travel interstate to

engage in unlawful sexual activity.[1] The federal charges contained in the current indictment allege that over the course of nearly 20 years, from approximately 1993 to 2012, Hadden sexually abused dozens of female patients in his capacity as an obstetrician/gynecologist ("OB/GYN").

On May 5, 2022, the Government sought permission to intervene and move for a limited stay of fact discovery, until August 8, 2022, in order to avoid prejudicing the criminal trial, which was then scheduled to commence on September 12, 2022. In its letter, the Government indicated that it hoped, by that date, to be in a position to narrow the category of individuals as to whom it was seeking a stay, and to seek a stay through the end of trial as to that subset of individuals. The Government further noted in the letter that in connection with the criminal trial, the Government intended to produce Jencks Act and *Giglio* material to Hadden regarding potential trial witnesses on a rolling basis beginning on August 1, 2022.

On June 8, 2022, this Court granted the Government's motion to intervene and motion for a limited stay. (*See* No. 19 Civ. 02978 (ALC) (KHP) (Dkt. 142), No. 20 Civ. 01791 (ALC) (KHP) (Dkt. 82) (the "Stay Order")). Specifically, the Court ordered fact discovery in the above-referenced actions to be stayed through August 8, 2022, except as to document discovery, which was permitted to proceed on an attorneys'-eyes-only basis. (Stay Order at 6). The Court ordered that the Government file, by August 2, 2022, a letter indicating whether it intended to request an additional stay of discovery. (*Id.*). The Court's order also specified that, if applicable, by August 8, 2022, the parties file a joint letter stating each party's position on an additional stay. (*Id.*).

On July 28, 2022, the Honorable Richard M. Berman issued an Order, *sua sponte*, indicating that the trial date would have to be adjourned due to the unavailability of a sufficient jury pool on the scheduled date of September 12, 2022. *See United States v. Hadden*, S2 20 Cr. 468 (RMB) (Dkt. 176). In its Order, the Court tentatively proposed November 30, 2022 as a new date for trial to commence and scheduled a pretrial conference for August 10, 2022. (*Id.*)

The Government believes that, while it is likely to seek a further stay of some sort, the adjournment of trial may affect the Government's position, and the extent and scope of any further stay may be informed by the trial date that the Government expects to be set at the August 10, 2022 conference. The date of the trial may affect, among other things, the burden to the parties in the above-referenced action caused by a further stay; the number and selection of witnesses the Government is in a position to and intends to call; and the difference in timing between the defendant receiving information through the civil case (whether in the form of civil discovery or of identification of the Government's likely witnesses through the stay procedure) and the criminal case with or without a stay. (*See* Stay Order at 6 (noting that prejudice to the criminal case caused

---

[1] On June 1, 2022, a federal grand jury in this District returned Superseding Indictment S2 20 Cr. 468 (RMB) (the "S2 Indictment"), charging Hadden with the seven counts contained in the previous S1 Indictment described in the Stay Letter, as well as one additional count of enticement of an adult victim, in violation of 18 U.S.C. §§ 2422 and 2.

Page 3

by the premature disclosure of information in civil discovery weighs in favor of a stay)).[2] All of these factors are relevant to the Government's ability to formulate a position on a request for a further stay, and thus the Government respectfully requests a two-week extension of the stay to give it the opportunity to do so with the benefit of knowledge of the new date of the criminal trial.

The Government thus respectfully requests that (a) the current stay be extended by two weeks, *i.e.*, until August 22, 2022; and—consistent with the procedures set in the Stay Order regarding this letter—(b) by Monday, August 15, 2022 (*i.e.*, three business days after the August 10, 2022 conference), the Government advise the Court of its position on an additional stay of discovery; and (c) the parties be provided an opportunity thereafter, such as by August 19, 2022, to state their position on any requested additional stay, if any.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___s/_____
Jane Kim
Paul Monteleoni
Lara Pomerantz
Assistant United States Attorneys
Southern District of New York

cc: Counsel of Record (by ECF)

---

[2] The Government's Stay Letter identified its deadlines to make certain disclosures before trial as relevant to, though not dispositive of, the content of a further requested stay. (*See* Stay Letter at 5-6 & n.4). These disclosure deadlines have now changed. In particular, as noted above, the Government's previous August 1, 2022 date to begin production of Jencks Act and *Giglio* material was the result of an agreement with defense counsel to begin such production six weeks in advance of trial. Accordingly, as a result of the trial adjournment, the Government did not begin producing Jencks Act material on August 1, 2022 as previously contemplated in the Stay Letter. The same is true for the Government's date to produce a witness list, which the Government had agreed to do four weeks in advance of trial. The Court in the criminal case also set August 26, 2022 as a date by which such disclosures must be completed, but the Government intends to ask at the August 10, 2022 conference for this date to be moved to a date commensurately close to the new trial date.